**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

MARIE CELESTIN,

    Plaintiff,

v.

GULFSTREAM GOODWILL INDUSTRIES, INC.,
A Florida Not for Profit Corporation,
    Defendant.
_____/

**COMPLAINT**

Plaintiff, MARIE CELESTIN (hereinafter, "Celestin" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, Gulfstream Goodwill Industries, Inc., ("Defendant"), and says:

**JURISDICTION AND VENUE**

1. This action is brought against Defendant pursuant to Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et. seq.; Florida Statute §440.205; and Florida Common Law.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

1

## PARTIES

5.  Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as clerk in its West Palm Beach store. Plaintiff was therefore an "employee" and covered individual as defined by Florida Statutes § 440.02(15)(a) and 29 U.S.C. § 203(e).

6.  Defendant is a Florida Not for Profit Corporation registered to do business within Florida and has its primary location in West Palm Beach, Palm Beach County. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida. Defendant was, at all times relevant, an employer as that term is defined in Fla. Stat. § 440.02 (16)(a).

7.  Defendant, upon knowledge and belief, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 or 2020, and therefore is a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

8.  By May 2021, Plaintiff had been employed by Defendant for over 12 months, and she had performed at least 1,250 hours of service for Defendants during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

## GENERAL ALLEGATIONS

9.  Plaintiff worked for Defendant, most recently as clerk, from approximately 2017 until her effective termination in August 2021 earning $9.02/hour.

10. On or about November/December 2019, Plaintiff was injured on the job, and promptly reported the injury to her supervisor, Aida Persons.

11. Ms. Persons did not file or otherwise report a workers' compensation claim on Plaintiff's behalf.

12. Plaintiff then reported the workplace injury to Barbara Pierre, HR Claims Examiner who improperly filed the claim with workers' compensation.

13. Ms. Pierre did not confirm the details of Plaintiff's workplace injury with Ms. Persons prior to Ms. Persons' separation from the company in approximately late December 2019 or January 2020.

14. Ms. Pierre incorrectly stated that Plaintiff's workers' compensation injury happened outside of work. As a result, Plaintiff's workers' compensation was denied.

15. In January 2020, Plaintiff advised her new supervisor, Tyconia Oliver of her injury.

16. Ms. Oliver informed Plaintiff that there was nothing that could be done for her.

17. Due to the Defendant's refusal to allow Plaintiff to proceed with the workers compensation process, Plaintiff sought treatment for her workplace injury on her own.

18. Upon seeking her own treatment, Plaintiff's doctor diagnosed her with having right Cervicalgia and right shoulder pain.

19. As part of the diagnoses and treatment plan, Plaintiff's doctor provided her with a note containing restrictions on Plaintiff's work activities including a limit as to the amount of weight Plaintiff could lift while she recovered from her injury.

20. Defendant refused to abide by Plaintiff's doctor's restrictions and required her to continue her regular duties which included reaching, kneeling, stepping, bending, bagging, or lifting items that weigh more than 8 pounds.

21. Ultimately her condition worsened, and Plaintiff verbally and in writing complained to Ms. Pierre in Human Resources in December 2020.

22. Ms. Pierre confirmed via email that the lifting restrictions contained in the doctor's note would be accommodated.

23. Following her complaint to Human Resources, Plaintiff began experiencing retaliation from her supervisor Tracy Hunter.

24. The retaliation included meritless write ups for not asking customers for donations and for calling a customer in February 2021.

25. Due to these meritless write ups, Plaintiff was suspended without pay for three (3) days in February 2021.

26. Defendant also engaged in conduct designed to needlessly harass the Plaintiff. On one occasion, Plaintiff arrived for her scheduled 9:00 a.m. shift and Ms. Hunter required that she leave and come back at 12:00 p.m. knowing that Plaintiff lived approximately one hour away.

27. On another occasion, Defendant failed to pay Plaintiff for eight (8) hours of work for time on March 31, 2021.

28. Plaintiff was also inexplicably denied paid time off in April 2021 for continuing issues with her workplace injury despite having a doctor's note.

29. Ms. Hunter refused to accept Plaintiff's doctor's note and Plaintiff was told she could not return to work until she provided a medical release form to return to work.

30. Plaintiff provided the requested form but Human Resources required Plaintiff to fill out FMLA paperwork before she could return to work.

31. In an effort to further delay Plaintiff's return to work, Defendant did not initially accept Plaintiff's doctors' FMLA paperwork and required her to resubmit the paperwork.

32. Plaintiff was ultimately granted FMLA. Plaintiff took both intermittent and continuous FMLA leave from approximately May 2021 until August 2021.

33. Following her FMLA leave, Plaintiff's doctor released her to return to work but kept the weight restrictions in place.

34. In August 2021, Defendant refused to allow Plaintiff to return to work effectively terminating her employment.

35. The reason provided for the termination was that Defendant did not have any light duty work for Plaintiff.

36. Prior to Plaintiff's notification of her workplace injury, Plaintiff was unaware of any performance deficiencies and she had never been previously disciplined.

37. There is no legal, non-discriminatory reason for Defendants' decision to terminate Plaintiff. Further, Defendant interfered with Plaintiff's exercise of her FMLA rights, by failing to restore Plaintiff the position she held or a similar position upon her release from continuous FMLA.

38. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay a reasonable fee for its services.

39. Plaintiff is entitled to her reasonable attorney's fees and costs if she is the prevailing party in this action.

## COUNT I: VIOLATION OF THE FMLA
## (INTERFERENCE)

40. Plaintiff re-alleges and re-avers paragraphs 1 – 39 as fully set forth herein.

41. Plaintiff was eligible for FMLA leave to treat her physical injury pursuant to 29 U.S.C. § 2612(a)(1)(A).

42. Defendant is a covered employer as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2021 or 2020.

43. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, **and** be restored to her same or equal position with equivalent employment benefits, pay and other terms and conditions of employment.

44. Plaintiff took FMLA leave from May 2021 until her termination in August 2021.

45. When Defendant failed to return Plaintiff to her position (or its equivalent) upon her release from continuous FMLA leave, Defendant violated the FMLA.

46. As a direct result of her termination, Plaintiff has suffered lost wages.

47. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its supervisors.

48. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

49. Plaintiff has retained the services of the undersigned firm and is obligated to pay attorney's fees should she recover damages from Defendant.

50. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff MARIE CELESTIN requests judgment for:

   a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

   b. Interest on the amount found due;

   c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF THE FMLA
## (RETALIATION)

51. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–39, above as though the same were fully set forth herein.

52. This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

53. Defendant is a covered employer as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 or 2019.

54. Plaintiff gave sufficient notice to her employer of her need for leave under the FMLA and provided all necessary paperwork. Such leave was approved by Defendant in May 2021.

55. When Plaintiff was released from continuous FMLA leave in August 2021 she was not restored to the same or similar position.

56. Instead, Defendant informed Plaintiff that it did not have work for her to do within her restrictions.

57. Defendant's failure to reinstate Plaintiff to her position or to a similar position constitutes "adverse employment actions" under the FMLA.

58. The fact that Plaintiff took leave under the FMLA was a "protected activity" under the FMLA.

59. Plaintiff's request for and use of FMLA leave was, at minimum, a motivating factor in Defendant's decision not to reinstate Plaintiff to her position or a similar position.

60. Defendant's alleged reason for not reinstating Plaintiff to her position or a similar position is pretextual as it cannot demonstrate evidence to support that it did not have light duty work for Plaintiff to do and cannot prove that there were any legitimate business necessity/reasons failing to reinstate Plaintiff to her position or a similar position upon her return from leave.

61. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

62. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

WHEREFORE, Plaintiff MARIE CELESTIN requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;
b. Interest on the amount found due;
c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);
d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and
e. Such other relief as the Court deems just and proper.

**COUNT III – VIOLATION OF WORKERS' COMPENSATION LAWS**

63. Plaintiff re-alleges and re-avers paragraphs 1 – 39 as fully set forth herein.

64. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

65. In December 2019, Plaintiff suffered an on the job injury and immediately reported the injury to her supervisor.

66. Plaintiff timely sought workers' compensation benefits in accordance with the provisions of the Workers' Compensation Law.

67. Soon after Plaintiff sought workers' compensation benefits, Plaintiff began receiving meritless write-ups, unfavorable work assignments and was made to endure an overall hostile work environment.

68. Defendant harassed and discriminated against Plaintiff because of her valid claim for compensation under the Workers' Compensation Law. Plaintiff's valid claim for compensation was, at minimum, a motivating factor in Defendant's decision to harass and discriminate against Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or performance issues prior to her workers' compensation claim.

69. Plaintiff's work record with Defendant prior to her seeking workers' compensation benefits was satisfactory.

70. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

71. Any purported reasons for Plaintiff's adverse employment actions or harassment given by Defendant is pretextual.

WHEREFORE, Plaintiff MARIE CELESTIN requests judgment for:

a) Plaintiff's lost wages and/or benefits as a result of her termination;

b) Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c) Interest on the amount found due;

d) Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action as permitted by Florida statutes; and

e) Such other relief this Court deems just and proper.

## COUNT IV – UNPAID WAGES

72. Plaintiff re-alleges and re-avers paragraphs 1–39, as fully set forth herein.

73. Plaintiff and Defendant entered into a compensation agreement whereby Plaintiff was to perform services as a clerk in exchange for payment from Defendant.

74. Pursuant to the terms of the agreement, Defendant agreed to pay Plaintiff $9.02 per hour for each hour that she provided services for Defendant.

75. Defendant knew that Plaintiff performed eight (8) hours of work for its benefit on March 31, 2021, but intentionally refused to compensate her accordingly.

76. Plaintiff reasonably estimates that she is owed $72.16 for the eight (8) hours she worked on March 31, 2021.

77. Further, Plaintiff is also entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff MARIE CELESTIN requests judgment against Defendant as follows:

a) Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b) Interest on the amount found due;

c) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

d) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

e) Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, MARIE CELESTIN, hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: February 25, 2022.

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Office)
        (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
       CHARLES M. EISS, Esq.
       Fla. Bar #612073
       chuck@icelawfirm.com
       Shanna Wall, Esq.
       Fla. Bar #0051672
       shanna@icelawfirm.com